FIRST NATIONAL BANK OF TOMBSTONE v. ABILENE HOTEL COMPANY.

Decided June 1, 1907.

**1.—Negotiable Note—Corporation—Authority of Secretary.**

In a suit by a purchaser before maturity upon a negotiable promissory note, purporting to have been executed by a hotel company (a corporation) by its secretary, the plaintiff was not entitled to recover against the corporation when the by-laws required the obligations of the corporation to be signed by both the president and the secretary, and the corporate seal was not upon the paper.

**2.—Same—Estoppel.**

Even though a corporation so acts as to induce third parties to believe that a subordinate officer of the corporation has authority to issue negotiable paper in the name of the corporation, one who buys such paper without being influenced by such acts can not claim estoppel.

Appeal from the District Court of Taylor County. Tried below before Hon. J. H. Calhoun.

*Wagstaff & Davidson,* for appellant.

*Hardwicke & Hardwicke* and *Sayles & Sayles,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The Abilene Hotel Company,

a private corporation, was sued by the First National Bank of Tombstone on a negotiable promissory note for twenty-five hundred dollars, executed in the name of the hotel company by T. W. Daugherty, its secretary, payable to the order of Steffens & Lowdon, and endorsed and delivered by them to appellant bank before maturity, in due course of business. The hotel company denied the authority of its secretary to execute the note, which had been done to accommodate Steffens & Lowdon, in avoidance of which defense the bank pleaded its purchase for value in due course of trade without notice of any such want of authority, alleging that the secretary was the general manager of the hotel company, with full authority to issue all obligations of the hotel company, and that he had at least apparent authority to execute the note declared on, notwithstanding it was accommodation paper. The court tried the case without a jury and denied the recovery sought.

There are no findings of fact in the record and the only question raised by the assignments of error is the sufficiency of the evidence to support the judgment. The evidence did not warrant, much less require, a finding that T. W. Daugherty, the secretary of the hotel company, had authority to execute the note declared on, or any negotiable promissory notes, whether for accommodation or otherwise; or that it was within the apparent scope of his authority to issue negotiable promissory notes for any purpose. The hotel company was not a trading or manufacturing corporation; its purposes being thus expressed in the charter: "(1) The acquisition by purchase or otherwise of land and lots for hotel purposes; (2) the establishment and erection and maintenance of a hotel and management of the hotel business." The case therefore is not controlled by the following authorities cited by appellants: Merchants Bank v. Citizens Gaslight Co. (Mass.), 34 N. E. Rep., 1083; Marshall Nat. Bank v. O'Neal, 34 S. W. Rep., 344; and Farmers Bank v. Sutton Mfg. Co., 17 L. R. A., 595.

Besides, the by-laws of appellee required both its president and secretary to sign its obligations. In this instance the president did not sign and no corporate seal was used by the secretary, the note being signed thus: "Abilene Hotel Company, T. W. Daugherty, Secretary." See, also, Dreeben v. Bank, 99 S. W. Rep., 850.

If appellee had permitted its secretary to act as its general manager, as claimed by appellant, and thus or otherwise held him out as having authority to issue negotiable paper, appellant took the note in entire ignorance of any such course of conduct, and hence is not in position to claim an estoppel. Jackson Paper Mfg. Co. v. Commercial Nat. Bank, 59 L. R. A., 657. Judgment is affirmed.

*Affirmed.*