WARE *v.* FIRST STATE BANK OF CORSICANA, TEXAS.

Opinion delivered February 2, 1925.

CORPORATIONS—MORTGAGE—EXECUTION BY PURPORTED OFFICER.— A mortgage executed by one who described himself as president of a corporation, though he was not shown to have had authority to execute it, will be *held* to show *prima facie* right to possession in the mortgagee, where the mortgagor is a party and raises no question as to such authority.

Appeal from Columbia Circuit Court; *L. S. Britt,* Judge; affirmed.

*Joe Joiner,* for appellant.

An officer or an agent of a corporation in order to bind the corporation by mortgage or pledge of its personal property, must have expressed, or apparent authority to do so.    188 S. W. 38; 7 R. C. 1. 645; 94 So. 502; 244 S. W. 26; 201 S. W. 544; 62 Ark. 33; 7 R. C. L. 452; 33 Ann. Cas. 519; 19 Ann. Cas. 619.    Possession of personal property is *prima facie* evidence of title in the possessor.    233 S. W. 916

*McKay & Smith,* for appellee.

The court did not err in permitting the introduction of the note and mortgage.    85 Ark. 269 82 Ark. 105; 121 Ark. 328; 131 Ark. 273; 1 Clark & Marshall, Private Corporations, § 164.    Questions not raised in the pleadings cannot be raised here for the first time.    89 Ark. 445.    This court only reverses for errors prejudical to the rights of the party appealing.    137 Ark. 387.

SMITH, J.    Appellant brought this suit against R. E. Jones to collect a sum of money alleged to be due him for the board of a crew of men who had been engaged in drilling a well for oil and gas, and who had been employed

by Jones and the Lone Star Drilling Company. Appellant attached an automobile then in the possession of Jones. The Excelsior Motor-Car Company and the First State Bank of Corsicana, Texas, both Texas corporaitons, filed interpleas. The motor-car company claimed the attached property as its own, and the bank claimed the right of possession under a mortgage executed to it by the motor-car company. At the trial of the cause the court directed the jury to return a verdict in favor of the bank, and continued the cause as to the motor-car company, and this appeal is from that judgment.

At the trial testimony to the following effect was offered: There was introduced in evidence a bill of sale from the Trinity Drilling Company to the Excelsior Motor-Car Company for an automobile, which was identified as the one attached. The secretary of the motor-car company testified that that company bought the automobile from the Trinity Drilling Company and received a bill of sale therefor, wihch was exhibited. This witness further testified that the mortgage from the motor-car company to the bank, which was also offered in evidence, had been executed by R. E. Jones as president of that company, but, on her cross-examination, stated that there was nothing in the records of the company to show that Jones was president of the company or that he had any authority from the board of directors to execute this mortgage. The question which elicited his answer, however, was this: "Who are and have been the officers of the Excelsior Motor-Car Company for and during the last twelve months?" The date of the mortgage shows that it was not executed during the period of time covered by the question.

The mortgage was offered in evidence. and attention is called to the fact that it was not attested by the secretary and does not bear the seal of the corporation.

There was offered in evidence the articles of incorporation of the motor-car company, from which it appears that Jones was, in fact, one of the three incorporators, and that his name first appeared.

The motor-car company is a party to this litigation, and does not dispute the existence or validity of the mortgage which Jones executed in its name, and has not appealed from the judgment of the court, which contained the finding that the bank is entitled to the possession of the car by virtue of this mortgage. The cashier of the bank testified that, at the time the loan was made to the corporation, Jones represented himself as being its president, and executed and acknowledged the mortgage as such, and after its delivery to the bank it was duly recorded in the county in which it was executed, and that the indebtedness secured by the mortgage had not been paid, and that the automobile had been removed to this State without the knowledge or consent of the bank.

The undisputed testimony shows a sale of the automobile to the motor-car company, and the defendant in the attachment suit was not therefore its owner, and we think there was no question about the validity of the mortgage for the jury to decide. The mortgagor does not question its validity, and it was executed in its name by an officer who purported to act as its president. The pleadings in the case do not raise the question whether Jones had authority to execute the mortgage, which was referred to in the interplea, a copy of the mortgage being thereto attached.

We think the testimony is undisputed that the defendant in the attachment suit was not the owner of the attached property—the automobile—and, this being true, the question is whether the bank made a *prima facie* showing that it was entitled to its possession. We think this showing was made. The mortgage was a Texas contract, duly executed and recorded in that State. It was executed in the name of the motor-car company, by a person who professed to be its president. The motor-car company is a party to this litigation, and did not, and does not, question the validity of the mortgage. It is true, as we have said, that no showing was made that Jones was authorized to execute the mortgage by any action of the board of directors; but we do not think

this failure of proof made an issue concerning its validity which should have been submitted to the jury.

In the case of *Brownwood Ice Co* v. *York Mfg. Co.,* 37 S. W. 339, a chattel mortgage had been executed by the president of a corporation alone, and, in litigation which involved its validity, the Court of Civil Appeals of Texas said: "These mortgages were executed apparently by the authority of the defendant corporations. It is true, no by-law or resolution of the board of directors of these ice companies is shown authorizing the execution of the notes and mortgages, but they were executed by the president on behalf of the companies, and it will be presumed, in the absence of any evidence to the contrary, that he had authority to bind the companies in these particular instances. The law does not presume that these notes and mortgages were executed for purposes beyond the scope of the corporate authority of the companies. The presumption is that the notes and mortgages are valid and binding upon the companies; and, if such was not the case, the burden rested upon the corporations to show that they were executed for a purpose and under such circumstances as would not bind them, which was not done in this case. Therefore the judgment will be affirmed."

The question was again considered by the Court of Civil Appeals of Texas in the case of *Peyton* v. *Sturgis,* 202 S. W. 205, where the court said: "The first contention is, in substance, that the mortgage is void because it appears that the person executing it was, at most, an officer or stockholder, and not authorized by the corporation to do that which he assumed to do. Confining our remarks and the application thereof to the precise facts of the present case, it must be conceded that, while a corporation may mortgage its property to secure payment of its debts when solvent (article 1162, Vernon's Sayles' Stats.), ordinarily that authority does not inherently exist in any officer of the corporation as such, but must in all cases be conferred by the board of directors. Article 1159, Vernon's Sayles' Stats.; *Henderson*

*Merc. Co.* v. *Bank,* 100 Tex. 344, 99 S. W. 850.  However, it is the rule that, when such acts are done by the president or vice president of the corporation, they are apparently authorized by the corporation, since such officers are the appropriate ones to exercise such functions, and their acts will be presumed to be corporate acts, in the absence of a showing that such officers were not so authorized.  *Ballard* v. *Carmichael,* 83 Tex. 355, 18 S. W. 734; *Brownwood Ice Co.* v. *York Mfg. Co.,* 37 S. W. 339.''

In that case the chattel mortgage had not been executed by the president, but by the secretary and treasurer, and, after saying that a mortgage so executed could not be said to have been signed with apparent authority, for the reason that the secretary and treasurer is not ordinarily the appropriate officer to perform such acts, the court found that the appellant was estopped to question the authority even of the secretary and treasurer, for the reason that the company, which had not perfected its corporate organization, had received the money which the mortgage was given to secure.

We conclude therefore that the verdict was properly directed in favor of the bank, and that judgment is affirmed.