## GUY v. GUY et al.
### No. 10228.

Court of Civil Appeals of Texas.,
San Antonio.
March 16, 1938.

Rehearing Denied Aug. 17, 1938.

B. D. Tarlton and L. Hamilton Lowe, both of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellees.

SLATTON, Justice.

Loree E. Guy and her husband, Walter A. Guy, sued Rush G. Guy, in the 28th District Court of Nueces County, upon the following instruments, to-wit:

"$4,000.00    "Cisco, Texas
        "May 1-st, 1923
    "Demand Note:
    "For value received—

"I, we, or either of us, promise to pay to the order of Loree E. Guy—the sum of four thousand dollars, no cents, with interest, at the rate of ten per cent per annum from date until paid, interest compounded annually. If suit is filed on same we agree to pay ten percent of the principal and interest due hereon in addition hereto, as attorney's fee for collection, the drawers and endorsers severally waive presentment protest and non payment of this note and consent that time of payment may be extended without notice.
    "Guy Bros.
"[Signed] Walter A. Guy Walter A. Guy

"This note was given to Loree E. Guy in settlement of salary for the years of 1920, 1921, 1922, 1923.
 "[Signed] Rush G. Guy."
  *  *  *  *  *  *
        "Cisco, Texas
        "May 1, 1923

"An agreement made this date by and between Loree E. Guy, Rush G. Guy, and Walter A. Guy, In which a demand note for salary to Loree E. Guy was given in the amount of $4,000.00 Four thousand dollars—this amount being salary due her as per agreement for the years–1920–1921–1922 and 1923.

"It is agreed that Loree E. Guy is not to be considered as a partner of Guy Bros., meaning Walter A. Guy and Rush G. Guy.

"It is further agreed that she, Loree E. Guy, will hold the above named note for collection, but will not present or demand payment of this note until Guy Bros., have made sufficient dividends to pay same above the partnership interest in cash now declared to be six thousand dollars—this the first day of May nineteen hundred twenty three.

"Under special agreement in case of partnership being dissolved between Walter A. Guy and Rush G. Guy, Rush G. Guy has the privilege to pay one half of the sum of Four thousand dollars and interest to date of payment, and receive a release in full of his part of the obligation.

"In case of death of either partner, the remaining partner will pay said note and interest from partnership business before final settlement of partnership business can be made.

"Signatures of parties above mentioned
 "Walter A. Guy  Loree E. Guy
    "Rush G. Guy
"Signatures of Witnesses
"R. A. Barton
"Clyde Hill."

The plaintiffs alleged that the note was the separate property of Mrs. Guy. Rush G. Guy pleaded, among other defenses, non est factum. At the conclusion of the evidence both parties moved for a directed verdict. The motion of Rush G. Guy was denied; the motion of Mrs. Guy was granted. Upon a directed verdict judgment was entered against appellant for the sum of $8,073.55; hence this appeal.

It is the contention of appellant that under his plea of non est factum and the evidence offered in support thereof, a question of fact was presented for the determination of the jury, and the court erred in directing a verdict against him.

The undisputed evidence shows that about 1919 Rush G. and Walter A. Guy entered the grocery business together as partners, and continued to operate the business for a period of more than four years, and subsequently entered the grocery business in the City of Corpus Christi, as partners.

The evidence offered by Rush G. Guy through his own testimony denied having signed the note and collateral agreement sued upon. It is true that in one of the questions, through his own counsel he testified: "Q. Is that your signature there

on either of them? A. No, I don't think so." The appellee takes the view that such answer was evasive and not a direct denial of the execution of the instruments. The witness further explained that he meant by that answer that he did not sign the instruments.

Another witness gave evidence that the signatures affixed to the instruments did not resemble the true signature of Rush G. Guy. The evidence in our opinion raised an issue of fact to be determined by the jury, and therefore the trial court committed reversible error in directing a verdict.

The appellee asserts that Walter A. and Rush G. Guy being partners in the grocery business, and the note having been given for a partnership debt, Walter A. Guy was authorized to execute the note for and on behalf of the partnership, and that such note was a binding obligation without the signature of Rush G. Guy. On the other hand, appellant asserts that the note having been given for personal earnings of Loree E. Guy, wife of Walter A. Guy, said earnings being community property of Loree E. and Walter A. Guy, that Walter A. Guy as a partner of Rush G. Guy, his brother, under the theory of joint agency, could not act in the same transaction for the partnership of Guy Brothers and for the community estate of himself and wife, It must be observed that under the pleadings and the proof offered by Loree E. Guy and Walter A. Guy that the note and collateral agreement were made and executed at the same time and cover one and the same transaction. They are each dependent upon the other. A reading of such instruments discloses that the note is executed in the firm name of Guy Brothers and the collateral agreement is a personal instrument between Loree E. Guy, Walter A. and Rush G. Guy.

We are of the opinion that under the pleadings and proof in the present case, it was necessary to show an execution of the collateral agreement on the part of Rush G. Guy. This is true regardless of whether or not Walter A. Guy, in the execution and delivery of the note could act for the partnership and deliver a binding instrument against the partnership to his wife.

Assuming, without deciding, that the note was a binding obligation against Guy Brothers, upon its execution and delivery by Walter A. Guy, without the knowledge or consent of Rush G. Guy, there could be no recovery in the present case without an execution and delivery of the collateral agreement on the part of Rush G. Guy not as a partner of Guy Brothers but as Rush G. Guy, personally.

It is elementary that under a plea of non est factum supported by testimony, a jury question is raised. Memphis Coffin Co. v. Patton, Tex.Civ.App., 106 S.W. 697; Dreeben v. First National Bank of McKinney, 100 Tex. 344, 99 S.W. 850; Ater v. Rotan Grocery Co., Tex.Civ.App., 189 S.W. 1106.

Other questions are presented which are not likely to occur upon another trial, therefore we pretermit a discussion of them.

The judgment is reversed and remanded for another trial.