J. F. DUDERSTADT, Appellant,

v.

FRITZ–MAR GARMENTS MANUFAC-
TURING COMPANY et al.,
Appellees.

No. 15809.

Court of Civil Appeals of Texas,
San Antonio.

May 18, 1977.
Rehearing Denied June 15, 1977.

Thomas S. Terrell, Kerrville, for appel-
lant.

Lavern D. Harris, M. Scott Stehling,
Kerrville, for appellees.

BARROW, Chief Justice.

Appellant brought this suit against appellees, Fritz-Mar Garments Manufacturing Co., a division of Servisco, Servisco, and John Shields, to recover damages for breach of a written hunting lease agreement entered into by appellant and Fritz-Mar by Shields. A take-nothing judgment was entered after a jury trial [1] and appellant has timely perfected this appeal.

Appellant asserts two points of error. 1. The trial court erred in refusing to admit the hunting lease into evidence. 2. The trial court erred in refusing to strike all testimony to the effect that the hunting lease was only a proposal and conditioned upon management's approval because such testimony violates the Parol Evidence Rule. Appellant does not here complain of the court's charge.

Appellant owns 1,200 acres of land in Kerr County which is enclosed with a deer-proof fence whereby he is able to contain and manage the native white tail deer along with foreign "exotic" game he had placed on the ranch. In 1973–1975, he permitted a limited number of white tail bucks and some of the exotic deer to be killed by day hunters for a set fee per head. Appellant charged $200.00 for each of the bucks killed in 1973 and 1974 and $250.00 for each one killed in 1975.

Servisco is a New Jersey Corporation with its home office in Hillside, New Jersey. Included in its operations is the manufacture of work uniforms. Fritz-Mar, a division of Servisco, sells or rents work uniforms manufactured by the parent organization. Shields is a sales representative for Fritz-Mar and works in a three-state territory out of Fritz-Mar's Houston office. The uncontradicted evidence establishes that Shields is not an officer of Servisco or Fritz-Mar, nor does he serve in any executive capacity. His immediate supervisor is the regional sales manager.

For about 15 years prior to 1973, Shields and another man had sub-leased for hunting 265 acres which belonged to appellant's sister. This place was under general lease to appellant and was near the latter's ranch. Shields was authorized by his superiors in New Jersey to take six customers hunting on appellant's ranch in 1973, 1974, and 1975, and checks in payment for six bucks killed in each of these years were issued to appellant from Servisco's New Jersey office. These checks, which were requested by Shields, amounted to $1,200.00 in 1973 and 1974 and $1,650.00 in 1975 which included $150.00 for out of state licenses. Mr. Bruce Cohen, a vice-president of Servisco, was one of those who hunted in 1974.

The controversy in question originated in early December 1975, when appellant visited Shields at the latter's hunting camp on the 265 acres. Appellant advised Shields that he had an opportunity to lease his 1,200 acres to one organization for the season, but wanted to offer Shield's company first chance because of their past good relations. Appellant testified that Shields replied: "I'm sure we will be interested in it. In fact, I know we will." There followed a discussion over terms and price. After agreement between these two persons, Shields wanted something in writing to submit to his company so that there would be no misunderstanding. Accordingly, Mrs. Duderstadt typed out a lease contract which provided for a year-round lease of the ranch for hunting and recreation for an agreed consideration of $10,000, payable $5,000.00 on January 15, 1976, with the remainder to be paid in four equal payments. The agreement was between: "J. F. Duderstadt, leasor, and Fritz-Mar, leasee, with

1. The jury found substantially as follows:

Issue 1: That John Shields did sign the alleged lease agreement with the understanding between Shields and Duderstadt that said hunting lease agreement, if any, could not become effective against Servisco unless such corporation approved the hunting lease of the Duderstadt 1,200 acres.

Issue 2: This issue inquiring as to Shields' apparent authority to sign the lease for Servisco was conditionally submitted and not answered under the instructions of the court.

Issue 3: This issue inquiring as to the damages sustained by Duderstadt was conditionally submitted and not answered under the instructions of the court.

John Shields as representative." It was signed in Shields' camp the morning after the initial discussion by appellant and Shields. The January 15 payment was never made and on February 17, 1976, appellant was advised by Shields that the lease agreement had been rejected as too expensive by the Servisco officials.

Servisco filed a sworn denial that Shields was authorized to execute this agreement for Fritz-Mar or Servisco. Shields affirmatively alleged that the instrument signed by him was not a contract, but rather a proposal from which the formal lease would be prepared if Servisco was agreeable. All attorneys advised the trial judge at the outset that the first issue would be whether the instrument was a proposal to be submitted to Servisco or a binding agreement. Most of the testimony, including that offered by appellant, related to this question. Nevertheless, after the evidence was closed, appellant moved to strike all testimony relating to this question and now complains of the trial court's refusal to grant his motion to strike.

■ The question of Shield's authority to bind Servisco to the contract was in the case from the outset. Servisco's sworn denial imposed upon the appellant the burden of proving that Shields was authorized to execute the hunting lease. Rule 93(h), Tex. R.Civ.P.; *Dreeben v. First Nat. Bank of McKinney*, 100 Tex. 344, 99 S.W. 850 (1907); *Burns v. Gonzalez*, 439 S.W.2d 128 (Tex.Civ. App.—San Antonio 1969, writ ref'd n. r. e.); 2 McDonald, Texas Civil Practice § 7.29 (1970). The uncontradicted evidence establishes that Shields did not have such actual authority. Assuming, without deciding, that a fact issue was raised as to whether or not Shields had apparent authority to do so, appellant wholly failed to secure such a finding. Accordingly, there is no basis for liability against Servisco or its division, Fritz-Mar.

Appellant seeks a remand by its two points because of the trial court's failure to admit the lease agreement into evidence and because of the trial court's refusal to strike all parol evidence relating to whether the agreement was a proposal or an agreed contract. Such errors, if any, would be harmless insofar as Servisco is concerned in that they do not relate to the authority of Shields to bind Servisco.

■ A more difficult question is presented as to Shields in that he admittedly signed the agreement. The instrument and his signature were identified by him prior to the agreement being offered into evidence. Shields admittedly wanted Servisco to lease appellant's ranch for hunting and he expressed to appellant the firm conviction that it would do so. The trial court properly excluded the agreement as to Servisco in that there was no proof that Shields was authorized to execute the lease for it. *Dreeben v. First Nat. Bank of McKinney, supra.* Nevertheless, the agreement was properly admissible against Shields and the trial court erred in refusing to admit it solely against Shields.

We have determined after an examination of the entire record that this error was harmless. Although Shields was named as a defendant along with the other appellees, both appellant and his wife testified that they were not negotiating with Shields individually, but only in a representative capacity for the company. Furthermore, no issues were submitted or requested by appellant to establish liability against Shields individually. Appellant has thus waived any right of recovery against Shields individually and any error in admitting or excluding evidence is harmless.

The judgment is affirmed.