GREENVILLE GAS & FUEL COMPANY v. COMMERCIAL FINANCE COMPANY.

No. 4832.   Decided October 19, 1927.
(298 S. W., 550).

*John T. Suggs* and *Spivey & Spivey,* for appellant.

Defendant's duly verified plea of privilege, and its supplemental plea setting up the specific facts on which it relied for change of venue, entitled defendant to have its plea sustained. The burden was then upon plaintiffs, both to allege, and by proof overcome, such prima facie case; and where plaintiff fails in the above requirements, the venue should be changed; and a judgment to the contrary of above is erroneous. R. S., Art. 2007; Clark v. Taylor, 223 S. W., 878, par. 2 of opinion; Ray v. Kimball, 207 S. W., 351; Hilliard v. Wilson, 76 Texas, 180, 184; Cannel Coal Co. v. Luna, 144 S. W., 721, par. 8; First Natl. Bank v. Gates, 213 S. W., 720, 723; Meadows Co. v. Turner, 270 S. W., 899; Parks v. Ertel, 266 S. W., 477; Russell Grader Co. v. McMillin, 271 S. W., 124; Cummings v. Chilton, 265 S. W., 1099; Hood v. Askey, 270 S. W., 1047.

A vice president, solely by virtue of his office, even in a trading corporation, has no authority or power to bind the corporation upon notes given by him, or by the endorsement of his company's name upon them nor to discount notes of the corporation, nor to borrow money for the corporation; and the introduction of such notes or endorsements in evidence is improper, and does not prove the issue even when admitted in evidence. Henderson Mercantile Co. v. Bank, 100 Texas, 344, 99 S. W., 850.

A general manager of a corporation, even a trading corporation, has no implied power or apparent authority to execute notes on behalf of the corporation, nor to borrow money on notes given by him in the name of the corporation, nor to discount notes of the corporation. Henderson Mercantile Co. case, supra; Merchants & Farmers Cotton Oil Co. v. Lufkin Natl. Bank, 79 S. W., 651; Guaranty Bank & Trust Co. v. Beaumont Cadillac Co., 218 S. W., 638.

Upon the issue of venue, defendant having properly denied the authority of Wise (the vice president) to endorse and sell notes of the defendant corporation, and thereby bind it, the notes were not admissible in evidence without proof of his authority (express or implied); and even though admitted, did not tend to prove the issue, there being no testimony or proffered testimony as to the authority of Wise. Henderson Mercantile Co. v. Bank, 100 Texas, 344, 99 S. W., 850; Guaranty Bank & Trust Co. v. Beaumont Cadillac Co., 218 S. W., 638.

*Bryan & Maxwell,* for appellees.

Only matters pertaining to venue may be considered by the court on the hearing of a plea of privilege. Shafer v. Brashear, 274 S.

W., 229; Edmonds v. White, 226 S. W., 819; Melton v. Katzenstein, 49 S. W., 173; Haddaway v. Burford, 239 S. W., 625.

Whether or not the endorsements on the notes in suit were unauthorized was a defense to the main action, and if same were unauthorized such fact could not be considered in determining the venue of the suit. The question that the appellant raised below is: Can the defendant destroy the claim of the plaintiff and thereby procure a change of venue? De Mars v. Montez, 277 S. W., 402; Melton v. Katzenstein, 49 S. W., 173; Shafer v. Brashear, 274 S. W., 229.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

Certified questions from the Court of Civil Appeals for the Tenth District. The facts disclosed by the certificate, in so far as they are material to the questions certified, are substantially as follows:

The defendant Greenville Gas & Fuel Company is a trading corporation engaged in the business of selling gas ranges, stoves, etc., and whose domicile is in Hunt County, Texas. The plaintiff, Commercial Finance Company, a corporation, brought this suit in the District Court of McLennan County. The sole defendant in the suit is the said gas and fuel company. The plaintiff seeks to recover of the defendant, as endorser, the amount due on a number of promissory notes purporting to have been executed to the defendant by various customers of that company, and alleged to have been endorsed to the plaintiff by the defendant for a valuable consideration. Each of the notes, according to its terms, is payable in McLennan County. The endorsement, which appears written on each of the notes, was made by one L. K. Wise, and reads as follows:

"The Greenville Gas & Fuel Company, by L. K. Wise, vice president,

To Commercial Finance Company, Waco, Texas."

The defendant company, in due course, filed its plea of privilege to be sued in Hunt County. The plaintiff, in response to such plea, filed its controverting affidavit alleging, in substance and effect, that L. K. Wise was the vice president and general manager of the defendant company when he made the endorsements above mentioned; that Wise had authority from the company to execute the endorsements; that Wise was held out by the company as apparently having such authority; that the company had subsequently ratified the acts of Wise in endorsing the notes to the plaintiff; that by such endorse-

ments the defendant company became bound by contract in writing to perform, in McLennan County, the obligations sought to be enforced herein. The defendant thereupon filed its affidavit, in the form of a verified supplemental pleading, in which it denies the execution of the endorsements; and specifically denies that Wise had authority to execute them in behalf of the defendant; and denies a ratification of his acts in that respect. Upon the hearing on the plea of privilege the trial court rendered judgment overruling same. From this judgment the defendant prosecutes the appeal herein.

At the hearing there was no testimony introduced, which relates to the execution of the endorsements, or to the authority of Wise, except that of the witness Suggs, who testified that Wise made the endorsements in question, and that, at the time of making same, the said Wise—to quote the language of the witness—"was vice president and general manager of the Greenville Gas & Fuel Company, in some respects." When this testimony was introduced the plaintiff offered in evidence the several notes and the endorsements thereon. To the introduction of which, the defendant objected on grounds which are specifically stated, and which are to the general effect that the execution of the endorsements is not shown to be authorized by the defendant. The objection was overruled by the trial court, and the notes and endorsements were admitted in evidence. Upon the evidence which has been stated, the trial court based its judgment overruling the defendant's plea of privilege.

Although unimportant, perhaps, in answering the particular questions which are certified herein, it may be proper to state further that when the notes and endorsements had been introduced in evidence, as above stated, the defendant offered testimony to prove that Wise had no authority, real or apparent, to execute the endorsements in behalf of the defendant company; and that the company had not ratified the acts of Wise in making the endorsements. Upon objection from the plaintiff, the offer of this testimony was rejected.

The questions certified herein by the Court of Civil Appeals read as follows:

## "FIRST QUESTION.

"Did the trial court commit error in permitting appellee to introduce in evidence the notes together with the endorsements thereon, over the objection made by appellant?

## "Second Question.

"In view of the fact that appellant had denied under oath the authority of its vice president to sign the endorsements on the note, was it necessary for plaintiff on the trial of the plea of privilege to prove that L. K. Wise was authorized to make the endorsements for the corporation, or that the defendant corporation held the said Wise out as having such authority or that it ratified the acts of said Wise in so doing, before the same could be offered in evidence in the hearing on the plea of privilege?

## "Third Question.

"If the second question above has been answered in the negative, then can the defendant on a hearing on a plea of privilege defeat the jurisdiction of the court to try the case in McLennan County by proving the negative of each of the issues asked about in Question No. 2?"

When a defendant has duly asserted his statutory privilege of being sued in the county of his domicile, his plea should be sustained unless facts which deprive him of such privilege are proved, as well as pleaded, by his adversary. Coalson v. Holmes, 111 Texas, 509; Hilliard v. Wilson, 76 Texas, 184; Lindheim v. Muschamp, 72 Texas, 35; Cohen v. Munson, 59 Texas, 237; Lasater v. Waits, 95 Texas, 555.

As depriving the defendant company of such privilege in the present case, the plaintiff, in its controverting affidavit, pleads a contract in writing by the defendant to perform, in McLennan County, the obligation sued on. This contract is alleged to consist of the endorsements themselves; the legal import of which endorsements is to impose upon the defendants the obligation to pay the notes in the county specified in the notes. In order, therefore, for the suit to be maintained in McLennan County, it was necessary for the plaintiff to prove that the execution of the endorsements is imputable to the defendant. In the absence of an affidavit by the defendant, denying the execution of the endorsements, the writings themselves would have supplied the required proof of this fact, by virtue of the provisions of Art. 3734 of the Revised Statutes. But when the defendant filed its affidavit, in which it denies executing or authorizing the endorsements, the value of the writings, as evidence of their having been executed under the defendant's authority, was destroyed; and the plaintiff became charged with the burden of

proving, by extrinsic evidence, the authority of Wise to execute the endorsements in behalf of the defendant. Robertson v. Dubose, 76 Texas, 6; Brashear v. Martin, 25 Texas, 203; Henderson Mercantile Co. v. Bank, 100 Texas, 347.

As furnishing such extrinsic evidence, the plaintiff relies solely upon testimony which shows that Wise was "the vice president and general manager of the Greenville Gas & Fuel Company, in some respects," when the endorsements were made by him.

The mere fact that Wise was the vice president of the company did not impliedly invest him with authority to make contracts for the company. Henderson Mercantile Co. v. Bank, 100 Texas, 347.

It is believed, too, that the fact that Wise was "general manager" of the company "in some respects," does not imply an authority in him coextensive with the general scope of the company's business. An authority of limited scope is shown by this proof, which is the only proof that tends to show any authority at all. Standing alone, this proof leaves no room for an implied authority respecting the company's affairs generally. It is not thought that the simple circumstance that an agent is authorized to act for his principal in some unidentified respects, tends to prove that the agent has authority to bind his principal in a particular matter in which the agent purports to act for the principal, or that he is held out as apparently having such authority. For in such a case, the proof of authority or apparent authority in the agent to do the particular act in behalf of the principal would rest in the conduct and declarations of the agent alone; which, according to the authorities, is not permissible.

The plaintiff having failed to prove that the acts of Wise, in executing the endorsements, are imputable to the defendant company, the endorsements are not evidence of the alleged fact that the defendant has contracted in writing to perform, in McLennan County, the obligations sought to be enforced in this suit.

We recommend that both questions Nos. One and Two, as certified, be answered "Yes."

Opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.