HATTIE MORGAN PENA ET AL V. W. H. SLING ET AL.

No. 7666. Decided May 29, 1940.
Rehearing overruled July 3, 1940.
(140 S. W., 2d Series, 441.)

*Wm. R. Quilliam,* of Hebbronville, *Lester Whipple* and *Tabor Stone,* both of San Antonio, for appellants.

Upon a hearing of a plea of privilege the introduction of the plaintiff's petition in evidence is the best and all-sufficient evidence to show the nature of the suit. Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91; 43 Tex. Jur. 844, sec. 109.

Upon a hearing of a plea of privilege it is only necessary for the court to determine the particular place upon which a trial on the merits shall take place, and plaintiff is required to comply only with the statutory condition under which the action is commenced. Edmonds v. White, 226 S. W. 819; 47 C. J. 421, sec. 384.

*Andrew Dilworth, John J. Cox* and *W. H. Shireman,* all of San Antonio, for appellees.

In order for plaintiffs to maintain their suit for partition of land in the county of the residence of one or more of the

defendants under subdivision 13 of Article 1995, R. S. 1925, they must allege and prove that such resident defendant or defendants are asserting a claim or interest in the land adverse to that of plaintiff. Shell Pet. Corp. v. Grays, 122 Texas 491, 62 S. W. (2d) 113; A. H. Belo Corp. v. Blanton, 133 Texas 391, 129 S. W. (2d) 619.

Where a suit involves the title to land it must be brought in the county where the land is situated, even though the suit be one for partition. Stark v. Burr, 56 Texas 130; Steen v. Milligan, 138 S. W. (2d) 199; Republic Ins. Co. v. Walters, 88 S. W. (2d) 726.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This cause is before this Court on certified questions from the Court of Civil Appeals at San Antonio. It involves an appeal from an interlocutory order of the District Court of Bexar County sustaining a plea of privilege, or venue. The order appealed from changes the venue of this cause from Bexar County to Duval County.

This suit was filed in the District Court of Bexar County in the form of a statutory action under Article 6082 et seq., R. C. S. 1925, to partition a tract of land in Duval County. The pliaintiffs in the district court are Hattie Morgan Pena et al, all of the plaintiffs reside in Duval County, where the land is situated. The defendants in the district court are W. H. Sling, James C. Nelson, F. M. Frasher, R. F. Schoolfield, and Argo Royalty Company, a foreign corporation. Sling resides in McMullen County; Nelson, Frasher, and Schoolfield all reside in Bexar County. It is alleged that the Argo Royalty Company is operating in this State. The petition makes no express mention of any dispute of title as between the plaintiffs and the defendants, or any of them. The petition, omitting formal parts, is as follows:

### "FIRST

"For cause of action plaintiffs would allege and represent to the court that the plaintiffs and the defendants are the joint owners in fee simple of the following described land and premises situated in the County of Duval and State of Texas, to-wit: (Here follows description of 200 acres of land in Duval County.)

### "SECOND

"That the plaintiffs own a one-half undivided interest in and to all of the above described land; that the defendant, W. H. Sling, owns a one-half undivided interest in and to the above

described land, less however, and deducting an undivided 5/224ths interest in the mineral estate, which is owned by the defendant James C. Nelson, of San Antonio, Texas, and undivide 30/224ths interest in the mineral estate which is owned by the defendant F. M. Frasher, who resides in San Antonio, Texas, and an undivided 30/224ths interest in the mineral estate which is owned by the defendant R. F. Schoolfield, who resides in San Antonio, Texas, and an undivided 15/224ths interest in the mineral estate which is owned by the defendant Argo Royalty Company, of Denver, Colorado.

"THIRD

"That the plaintiffs and the defendants are the sole owners of said lands and premises, so far as is known to plaintiffs, and the estimated value thereof is $50,000.00.

"WHEREFORE, plaintiffs pray the court that the defendants be cited to appear and answer this petition, and that plaintiffs have judgment for the partition and division of said lands and premises; that commissioners be appointed, and that writ of partition issue, and for possession of that portion as by judgment of the court may be ascertained and declared to be the property of plaintiffs; and for costs of suit, and for such other and further relief, decrees and orders, general and special, in law and in equity, as the nature of this cause may demand or merit."

In due time Sling filed plea of venue to be sued in Duval County, where this land is situated. This plea meets every requirement of Article 2007, R. C. S., 1925, prescribing the statutory form of a plea of privilege, or venue. In addition to the requirements of a plea of privilege, or venue, as provided by Article 2007, supra, the plea filed by Sling contains the following allegation:

"4. That the nature of the principal relief sought by plaintiffs in their original petition is for the recovery of lands and to quiet the title thereto, which lands are located wholly within the boundaries of Duval County, Texas, wherefore, under and by virtue of Article 1995, subdivision 14, Revised Civil Statutes of Texas of 1925, the exclusive venue for suits of that nature is in Duval County, Texas."

Nelson, Frasher, and Schoolfield filed a plea designated by them as "Plea in Abatement." We quote such plea as follows:

"That although the Plaintiff's petition in this case is in form a pleading for a partition of real estate, in fact the Plaintiff

seeks principally the recovery of an undivided interest in lands and to quiet the title to such undivided interest in lands. That such lands are not located in Bexar County, Texas, the county in which this suit is instituted, but said lands are located wholly within the boundaries of Duval County, Texas, and that under Subdivision 14, of Article 1995, suits for the recovery of lands or to quiet the title to lands, must be brought in the county in which the land lies, and these Defendants respectfully show that although they are residents of Bexar County, Texas, the county in which this suit was instituted, the exclusive venue of a suit of the kind and character filed by Plaintiff is fixed in Duval County, where the land lies.

"WHEREFORE, premises considered, these Defendants respectfully pray that this cause be abated and that the venue of same be transferred to Duval County, Texas, and for such other and further relief, general and special, in connection therewith to which they may show themselves entitled."

After the filing by the defendants of the above-described pleas, Pena et al filed controverting pleas as required by Article 2007. These controverting pleas reiterate the allegations of the original petition and make same a part thereof. The controverting pleas allege that the suit in Bexar County is a statutory action to partition land. Venue is claimed in Bexar County under exception 13 of Article 1995, Revised Civil Statutes of 1925, on the ground that three of the defendants reside in Bexar County. In this regard, the controverting plea expressly alleges:

"Plaintiffs further deny that part of defendants' allegations which read 'that under Subdivision 14, of Article 1995, suits for the recovery of lands or to quiet title to lands must be brought in the county in which the land lies' because this is not a suit to recover lands or to quiet title, but is a suit solely for the partition of the lands owned by these plaintiffs and defendants, and for that reason Subdivision 14, under Article 1995 Vernon's Revised Civil Statutes of Texas, 1925, does not apply, but Subdivision 13, of Article 1995, Vernon's Revised Civil Statutes of Texas, 1925, applies."

In addition to the above and other allegations, one of the controverting pleas contains the allegation that "one of the defendants, W. H. Sling, has filed a plea of privilege to have said cause transferred to Duval County, Texas, and the defendants F. M. Frasher, R. F. Schoolfield and James C. Nelson, who reside in San Antonio, Bexar County, Texas, who are proper and necessary parties defendant to this suit for par-

tition, and each of said defendants assert an adverse claim or interest in and to the property above described * * *."

No pleadings have been filed in this cause for any defendants, except as bearing on the issue of venue.

The case was finally tried in the District Court of Bexar County on the issue of venue only. The district court entered its interlocutory judgment changing the venue of this cause from Bexar County to Duval County, where this land is situated. Pena et al appealed to the Court of Civil Appeals at San Antonio, and that court has certified certain questions of law to this Court. The certificate, omitting formal parts, is as follows:

### "CERTIFICATE

"TO THE HONORABLE SUPREME COURT OF TEXAS:

"The above cause is now pending in this Court on motion for rehearing. The facts are stated in the accompanying tentative opinion on rehearing, which is in consonance with the original opinion of this Court. Our holding upon one of the material questions is in conflict with a decision, upon the same point, of the Court of Civil Appeals of the Sixth District, in Thompson et al, v. Pure Oil Co., 113 S. W. (2d) 662, and is alleged by appellees to be in conflict upon another point with a holding of our Supreme Court in Shell Petroleum Corp. v. Grays, 122 Texas 491, 62 S. W. 2d 113. Because of the conflict upon the first point; because the members of this Court are not in agreement upon all the holdings announced in the original or accompanying tentative opinion; and because of the importance of the questions involved, as well, we deem it advisable to certify, as appellees have requested. Accordingly, this Court, acting through its Chief Justice, does hereby respectfully submit for your decision the following questions, to-wit:

"FIRST: In this suit brought in Bexar County for partition of land situated in Duval County, did the plaintiffs fully meet the burden resting upon them to sustain venue, by (1) introducing their original petition in evidence showing the nature of their suit to be, strictly and exclusively, a statutory action for partition of real estate, and (2) by showing that three of the defendants were residents of the county in which the suit was pending? Or, on the contrary

"SECOND: Was it necessary for plaintiffs to go further and affirmatively show by evidence that they owned title to a joint interest in the land to be partitioned? And,

"THIRD: Was it necessary for plaintiffs to go still further

and show that the defendants' claim or interest in said land was adverse to that of plaintiffs?

"In compliance with Rule 15 of the Supreme Court, this certificate will be accompanied by the transcript of the record and of the evidence and the briefs of the respective parties, together with certified copy of the tentative opinion of this Court."

The above certificate is accompanied by the record and the tentative opinion, as required by the rules of this Court.

In order to decide the law question involved in answering the above certified questions, it becomes necessary for us to construe or interpret certain of our civil statutes which are involved. We here quote the following Articles of our Revised Civil Statutes, 1925:

"Article 6082. Any joint owner or claimant of any real estate or of any interest therein or of any mineral, coal, petroleum, or gas lands, whether held in fee or by lease or otherwise, may compel a partition thereof between the other joint owners or claimants thereof in the manner provided in this chapter."

"Art. 6083. Such joint owner or claimant may file his petition in the district court of the county in which the real estate, or any part thereof, sought to be partitioned, is situated, which petition shall state:

"1. The names and residence, if known, of each of the other joint owners, or joint claimants, of such property.

"2. The share or interest which the plaintiff and the other joint owners, or joint claimants, of same own or claim so far as known to the plaintiff.

"3. The land sought to be partitioned shall be so described as that the same may be distinguished from any other and the estimated value thereof stated."

"Art. 6086. Upon the hearing of the cause, the court shall determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided and all questions of law or equity affecting the title to such land which may arise."

"Art. 1995. No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

"    *    *    *    *    *

"13. Partition.—Suits for the partition of land or other

property may be brought in the county where such land or other property, or a part thereof, may be, or in the county in which one or more of the defendants reside, or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same. Nothing herein shall be construed to fix venue of a suit to recover the title to land.

"14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Article 2007, as it existed when this suit was filed, read as follows:

"Art. 2007. A plea of privilege to be sued in the county of one's residence shall be sufficient if it be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of process thereon, nor at the time of filing such plea, a resident of the county in which such suit was instituted and shall state the county of his residence at the time of such plea, and that 'no exception to exclude venue in the county of one's residence provided by law exists in said cause'; and such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue. If the plaintiff desires to convert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

A reading of Article 6082, supra, shows that, so far as applicable here, it provides that joint owners or claimants of any real estate, or of any interest therein, etc., may compel partition in the manner provided by the chapter of which it is a part.

Article 6083 provides for the filing of a partition by any joint owner or claimant in the district court of the county where the land, or any part thereof, is situated. If this Article stood alone as regards the county in which partition suits to partition land should be filed, venue in such suits will lie alone in the county in which the land, or a part thereof, is situated. It is evident, however, that we must construe Article 6083 in that regard in connection with, and as modified by, exception 13 of Article 1995, supra. Also, we must construe exception 13 with exception 14, supra, of the same Article.

A reading of exception 13, supra, shows that it applies not alone to suits to partition land, but suits to partition other property as well. Stated in another way, this exception applies to both real and personal property. Under exception 13, ignoring the last clause thereof, partition suits may be brought in the following counties:

1. In the county where such land or other property, or a part thereof, may be.

2. In the county in which one or more of the defendants reside.

3. In the county of the residence of any defendant who may assert an adverse claim or interest in such property or seeks to recover the title to the same.

If exception 13 ended with the provisions just above indicated, we would have little difficulty in determining its meaning, but it does not so end. It contains a general and very significant and all-inclusive provision at the end thereof. This provision is that, *"Nothing herein shall be construed to fix venue of a suit to recover the title to land."* Under this provision the legislative intent not to alter or change the provisions of exception 14, supra, regarding the venue of land title suits, is plainly indicated.

■ Under exception 14 it is provided that suits for the recovery of lands or damage thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie. It will be noted that this exception uses the mandatory word, "must." Under this exception it is therefore mandatory that a suit to litigate the title to or to recover land must be brought in the county where the land, or a part thereof, is situated. It is held that an action to recover land has a well-known and definite meaning, and means an action in ejectment, trespass to try title, or suit to recover the land itself. Hearst v. Kuykendall, 16 Texas 327; Thomson v. Locke, 66 Texas 383, 1 S. W. 312. It follows that any suit to try title, or to try title and recover possession of land, must be brought in the county in which the land, or a part thereof, is situated.

■■ We now refer again to our partition statutes. An examination of Article 6086, supra, shows that, by express statutory authority, the district court, in a statutory partition action, may not only determine the share of each of the joint owners or claimants in the real estate or land sought to be partitioned, but such court may go further, and determine all questions of

law or equity affecting the title to such land, or any part thereof, which may arise in the trial. Stated in another way, in a statutory partition suit, the district court is expressly given power to determine all questions of law or equity affecting the title to the property involved in the suit. "The fact that plaintiff is not in possession of the land, but that the defendants are in possession, and deny that plaintiff is a co-tenant, and claim the whole of the land for themselves, does not defeat plaintiff's right to maintain his suit for partition, brought in the form prescribed by the statute." Banks v. Blake (Tex. Civ. App.), 143 S. W. 1183; Phillipson v. Flynn, 83 Texas, 580, 19 S. W. 136; De La Vega v. League, 64 Texas 205.

■ When it is considered that the court, in a partition suit to partition land, may determine "all questions of law or equity affecting the title to such land" that may arise between the parties to the suit, the closing provision of exception 13 of Article 1995, supra, becomes very significant. It is evident that the provision, "Nothing herein shall be construed to fix venue of a suit to recover the title to land," is intended to preserve the venue of land suits as fixed by exception 14, supra, of the same Article, and not allow the venue as fixed by that exception to be defeated by filing a statutory partition suit, when the partition suit itself is a suit to recover land, as well as for partition thereof. Further, it is evident that the provision, "Nothing herein shall be construed to fix venue of a suit to recover the title to land," dominates and qualifies every part of exception 13 which precedes it, and prevents such exception from ever being relied on "to fix venue of a suit to recover the title to land."

In Shell Petroleum Corp. v. Grays (Com. of App. opinion adopted), 122 Texas 491, 62 S. W. (2d) 113, this Court had before it a case in which it was attempted to maintain a suit in McLennan County as a statutory partition action to partition land situated in Gregg County. All of the defendants, except two, lived outside McLennan County. One of these defendants was asserting an identical interest with the plaintiff in the land involved, and the other had no interest at all. All of the other defendants were in possession of the land, and were disputing that the plaintiff and the defendant who was asserting the same title as the plaintiff had any title at all. The record shows that the plaintiff and the McLennan County defendant who was asserting the same rights and title as the plaintiff, were attempting in a partition suit not only to partition the land, but to litigate the title to an undivided interest

therein. Also, they were seeking an accounting and recovery for large quantities of oil which had been removed from the land in dispute.

In determining that the venue of the above suit was in Gregg County, as defined by exception 14 of Article 1995, supra, this Court said:

"Under the above record we think that this is a suit to recover land, and for damages to land within the meaning of Subdivision 14 of Article 1995, supra, and within the meaning of the last clause of Subdivision 13 of Article 1995, supra, viz: 'Nothing herein shall be construed to fix venue of a suit to recover the title to land.' We think further that neither the residence of Alice Hays Jefferson, nor the residence of Arma Lee Greer in McLennan County can aid plaintiffs in this suit as to venue in McLennan County. In this connection it is evident that Arma Lee Greer has no interest whatever and is asserting none. As to Alice Hays Jefferson her interests are identical with the plaintiffs, and not adverse, and the express language of present Subdivision 13 only operates to fix venue in partition suit where the suit is filed in a county in which a defendant lives who has a claim adverse to the plaintiffs. We have no such defendant in McLennan County in the present suit."

Plainly, the above-quoted holding is to the effect that, under the terms of the last provision of exception 13 of Article 1995, "Nothing herein shall be construed to fix venue of a suit to recover the title to land," a partition suit to partition land must be brought in the county where the land is located, if in such suit jurisdiction of the trial court will be invoked by any party to recover land, or to try the title thereto. If this is not the correct construction to be given exception 13, the provision therein, "Nothing herein shall be construed to fix venue of a suit to recover the title to land," becomes utterly meaningless, and the venue of land title, or land recovery, suits in the county where the land, or a part thereof, is located, as fixed by exception 14, can be defeated in any case where the title to an undivided part of the land only is involved, by simply filing a satutory partition action in a county where a defendant resides who may assert an adverse claim or interest, or who may seek to recover the title.

It seems to be contended by Pena et al that the above quotation from the opinion in the Shell case, supra, is authority to hold that venue in a statutory partition action to partition land can be obtained under the provisions of exception 13

in the county where the defendant resides, and outside the county where the land, or a part thereof, is situated, even though the suit involves the litigation of the title to the land sought to be partitioned, or an effort to recover the same. This contention is based upon a part of the above-quoted holding in the Shell case, as follows:"* * * As to Alice Hays Jefferson her interests are identical with the plaintiffs, and not adverse, and the express language of present Subdivision 13 only operates to fix venue in partition suit where the suit is filed in a county in which a defendant lives who has a claim adverse to the plaintiffs. * * *" We think that when the holding in the Shell case with reference to venue under exception 13 is considered as a whole, it is plain that this Court intended to there decide that the venue of suits to partition land would lie in the county where the land, or a part thereof, is situated, as provided by exception 14, if such suit involves an effort to try the title to land, or to recover the same. We simply intended the statement last quoted to call attention to the fact that exception 13 could not aid the plaintiff in the Shell case even if the closing provision of such exception, "Nothing herein shall be construed to fix venue of a suit to recover the title to land," should be ignored.

■ We admit that we have encountered great difficulty in attempting to harmonize the part of exception 13 last above quoted with the part of the same exception which allows venue in partition suits outside the county where the property, or a part thereof, is located, if the suit is filed in a county where a defendant resides who asserts an adverse claim or interest to such property, or who may seek to recover the title thereto. We hold, however, that if there is any conflict, the provision, "Nothing herein shall be construed to fix venue of a suit to recover the title to land," is the dominant provision, and should be given controlling effect. Furthermore, even if it should be admitted that the portion of exception 13 last quoted does not dominate, then if applied to land partition suits exception 13 could not confer venue where the title to land must be litigated, because the statute would be so contradictory as to be meaningless.

■ It appears to us that all parts of exception 13, supra, can be harmonized and given effect by interpreting the word *"property,"* as used in that part of such statute which says "or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or who seeks to recover the title to the same," as referring to the *"other*

*property"* referred to in the preceding portion of the exception. In other words, the *"property"* referred to in the portion of the exception just quoted, refers to *"property"* other than land. When the exception is thus construed, all parts are harmonized, and the provision, "Nothing herein shall be construed to fix venue of a suit to recover the title to land," conflicts with no other provision.

■ From what we have said in regard to the correct construction to be given exception 13, supra, it must be held that it cannot confer venue in a land partition suit in a county where the land, or a part thereof, is not located, if the suit involves a question of title or an effort to recover the land. This must be true, whether we hold that the statute is conflicting, or whether we hold that the part of same which provides that "or in the county of the residence of any defendant who may assert an adverse claim or interest in such property, or seeks to recover the title to the same," refers to personal property, or whether we hold that the provision at the end of the exception, "Nothing herein shall be construed to fix venue of a suit to recover the title to land," dominates and qualifies all that precedes it.

With the statutes above quoted construed as above indicated, we come to directly consider the law questions certified by the Court of Civil Appeals.

As already shown, Pena et al, plaintiffs in the district court, filed a suit in Bexar County to partition land in Duval County. Under the express provisions of Article 6086, supra, such a suit, filed as a statutory partition action, can involve the trial and determination of disputed issues of title. As provided by the statute, the district court, in such a suit, is clothed with power to "determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law or equity affecting the title to such land which may arise." It follows that this very suit, filed as a statutory partition action, may involve the trial of a suit to recover land, or to try the title thereto. If such is the case, under the express provisions of exception 13 that, "Nothing herein shall be construed to fix venue of a suit to recover the title to land," and under the express provision of exception 14, supra, venue lies in the county where the land is situated,— Duval.

■ It is settled that our statutes relating to pleas of privilege cover all pleas of venue, and are not confined to mere pleas of

personal privilege to be sued in the county of one's residence. Shell Pet. Corp. v. Grays, supra.

■ A trial upon a plea of privilege or venue, and answer controverting same, is for the purpose of determining whether or not the defendant who filed the plea of privilege or venue is lawfully sued on the subject matter of the suit in the county where the plaintiff has filed his suit. In this connection, it is held that a trial of plea of privilege or venue is not for the purpose of finally determining the rights of the parties in the subject matter of the main suit. Farmers' Seed & Gin Co. v. Brooks, 125 Texas 234, 81 S. W. (2d) 675.

Under the express provisions of Article 2007, R. C. S. 1925, supra, a statutory plea of privilege or venue, duly filed, is "prima facie proof of the defendant's right to a change of venue." It follows that such a plea is sufficient, in law, to require the plaintiff to assume the burden of pleading and proving that he has a statutory right to maintain his suit in the county where he has filed the same. The burden on the plaintiff to prove his right to such venue is as complete and absolute as is his burden to plead the same. Richardson v. Cage Co., 113 Texas 152, 252 S. W. 747; Coalson v. Holmes, 111 Texas 502, 240 S. W. 896; Greenville Gas & Fuel Co. v. Commercial Finance Co., 117 Texas 124, 298 S. W. 550. It must follow, in the instant suit, that when Sling filed his plea of privilege or venue to be sued in Duval County, the county where this land is situated, and Pena et al filed controverting affidavits and pleas in answer thereto, claiming venue in this case in Bexar County by authority of exception 13, supra, the burden rested on them to prove, as well as plead, facts which brought the venue in this case under such exception. As already shown, by the express terms of such exception venue of a partition action cannot be governed by exception 13, if the case involves the trial of a disputed title to land, or, stated in another way, an effort to recover land. Also, as already shown, a statutory partition suit may be a suit to try the title to or recover land. It follows that since the burden was on Pena et al. to bring themselves under exception 13, the burden was on them to prove that a land title suit, or suit to recover land, was not involved. They certainly did not do this by simply introducing in evidence a petition which, on its face, under the statute (Article 6086) might involve such an action.

We answer the first certified question, No.

As we interpret the certificate, it does not call for an answer to the second and third questions unless we should answer the

first question, Yes. At any rate, our answer of "No" to the first question renders the other two questions immaterial.

Opinion delivered May 29, 1940.

Rehearing overruled July 3, 1940.