**JOHNSON TESTERS, INC.**

v.

**J. W. KIRBY.**

No. 7143.

Court of Civil Appeals of Texas.

Amarillo.

June 11, 1962.

Rehearing Denied Sept. 4, 1962.

**554**

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Huff & Bowers, Lubbock, for appellee.

DENTON, Chief Justice.

The opinion heretofore rendered in this case on April 23, 1962 is hereby withdrawn and the following opinion is substituted in lieu thereof.

This is an appeal from an order overruling appellant's plea of privilege. The suit was instituted by appellee J. W. Kirby for personal injuries alleged to have been received by him on an oil well site in Motley County, Texas. Kirby was an employee of P-M Drilling Company, and brings this action against Johnson Testers, Inc., independent contractors, who had been employed by P-M Drilling Company to run a drill stem test on the well being drilled. Appellant filed a plea of privilege to be sued in Harris County, Texas, its legal residence. Appellee's controverting affidavit seeks to maintain the suit in Motley County under Subsection 9a of Article 1995, Vernon's Ann.Civ.St., the subdivision dealing with negligent acts or omissions which occur in a given county proximately resulting in the alleged injuries.

Appellant's points of error relate to the sufficiency of the evidence that appellant's employee had committed an act of negligence, proximately causing the alleged injuries to Kirby. The first point of error deals with the question of law of "no evidence" and the remaining points raise the fact question of the evidence being insufficient to support the trial court's judgment. Two acts of negligence of appellant's employee Francis were pleaded: in placing "chicksand joints" on the "pull-rope" being used by Kirby; and in failing to warn Kirby that they were placing the named tools upon the "pull-rope."

Kirby was a derrickman on an oil well drilling crew. Shortly after Kirby came on duty this particular day, the driller ordered him to pull the "kelly." The "kelly" had been picked up for the purpose of draining water from the hose to prevent it from freezing. Kirby and other crew members were to put the "kelly" back into

the "rat hole." To carry out this operation, Kirby picked up the "pull-back rope" and began wrapping it around the "cathead." The other end of the rope was attached to the "kelly." By wrapping the rope around the "cathead," slack would be taken out of it and as the rope became taut it would move the "kelly" to the desired location. Kirby testified that while in the process of winding the rope around the "cathead" slack suddenly came into the rope, and caused him to be pulled into the "cathead" and he was wrapped around it in such a manner that he was seriously injured. The rope extended from the "cathead" to the "pull-back pole," thence to the "kelly," but Kirby was unable to see that portion of the rope extending from the "pull-back pole" to the "kelly." The record contains evidence to the effect that when slack comes in a rope after being taut while it is being wound around a "cathead," the slack travels through the rope and will foul; that is, it will cause the rope to jump over the wraps of rope and roll with the "cathead." It was this fouling that pulled Kirby into the twisting rope and caused his injuries. The cause of Kirby's injuries is thus clearly established by the evidence. Our concern here is whether or not the evidence supports the trial court's finding that appellant's employee committed an act which was negligence and a proximate cause of Kirby's injuries.

■ It is fundamental that in order to maintain venue under Subdivision 9a of Art. 1995 the burden was on the appellee to prove that appellant's employee was guilty of negligence which proximately caused his injuries. It is also settled that in passing on the law question of no evidence to support the implied finding of the trial court, we are required to follow the rule that: "If discarding all adverse evidence and giving credit to all evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier of the facts might have found in his favor, then it is to be concluded that there is evidence to support the finding." Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97.

■ Testimony of both Kirby and his fellow employee Osborne was to the effect the rope was fouled or became slack at some place between the "pull-back pole" and the "kelly." Kirby further testified that before the slack came in the rope it was taut from the "cathead" to the "pull-back pole." There is evidence in the record that weight on the rope which is being wrapped around the "cathead" would cause the rope to be fouled, and if the slack is unexpected to the operator, it would result in the rope fouling at the "cathead." Kirby testified that as he went on duty he saw Francis, appellant's employee, standing on the catwalk holding a "chicksand joint." "Chicksand joints" were described as a ten-foot, one and one-half inch pipe with swivel joints on each end, and weighing 40 or 50 pounds. Some five minutes later Kirby began the operation previously described. Immediately prior to the accident Osborne, who was standing with his hand on the "kelly," heard a noise. He looked up and saw a "chicksand joint," a "manifold" and a "bubble hose." He testified the "chicksand joint" "was skooting across the floor," and the hose was lying over the top of the "pull-back rope." There is no direct evidence that Francis placed the "chicksand joint" on the rope or that the joint was actually lying on the rope immediately prior to the incident, but Osborne testified he saw it "skooting across the floor" in the vicinity of the moving "pull-back rope." Kirby also placed the "chicksand joint" in Francis' possession some five minutes prior to the time in question. Obviously, some of the evidence presented by the appellee is of a circumstantial nature, but venue facts can be established by circumstantial evidence. Ward & McCullough v. Mobley, Tex.Civ. App., 250 S.W.2d 948; Davis v. Bailey, Tex.Civ.App., 187 S.W.2d 412.

There was direct evidence that the "pull-back rope" was suddenly slackened which caused it to foul at the "cathead," resulting

in Kirby's injuries. It was uncontradicted that oil field workers recognize that weight on a "pull-back rope" causes fouling when weight is suddenly removed by the movement of the rope. Other direct evidence included testimony that Francis was in the vicinity holding "chicksand joints," and that these joints were specialized tools used only in drill stem testing operations. These joints are not used in oil well drilling. Although Francis denied he laid the "chicksand joints" on the rope, and stated he could not remember removing them from his truck at the time of the accident, these denials merely raise fact issues that were determined by the trial court adversely to appellant. The direct evidence offered by appellee will be reviewed together with the circumstantial evidence of Osborne hearing the noise immediately prior to the Kirby injury; seeing the "chicksand joints" moving across the floor and seeing the "bubble hose" pulled out from under the joints as the rope and hose were being raised into the air. Although there is no direct evidence that Francis did in fact lay the "chicksand joints" on the "pull-back rope" there is circumstantial evidence to this effect. In our opinion this circumstantial evidence raises a strong inference that Francis committed the act complained of. The trial court impliedly so held in overruling appellant's plea of privilege.

After reviewing the evidence, both direct and circumstantial, in the light most favorable to the appellee, we conclude there was evidence to support the action of the trial court in holding, for venue purposes, that Francis was negligent and that such negligence was a proximate cause of appellee's injuries.

Appellant's remaining points contend the trial court's judgment is against the great weight and preponderance of the evidence. In considering these points we are required to consider and weigh all of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Fisher Const. Co. v. Riggs, 160 Tex. 23, 325 S.W.2d 126. We deem it unnecessary to reiterate the evidence previously set out. The record contains conflicting testimony and after carefully reviewing the entire record, weighing the evidence both for and against the trial court's findings, we are of the opinion the evidence supports the trial court's presumed findings that appellant's employee committed the alleged negligent acts in Motley County, and that such acts were a proximate cause of the injuries alleged to have been sustained by appellee.

The order of the trial court in overruling the appellant's plea of privilege is affirmed.