**LAMB COUNTY ELECTRIC COOPERA-TIVE, Inc., Appellant,**

v.

**F. E. COCKRELL, Individually and as next friend of Forrest Ervin Cockrell, Appellees.**

No. 7696.

Court of Civil Appeals of Texas.

Amarillo.

March 27, 1967.

Rehearing Denied April 24, 1967.

Albert Smith, Lubbock, for appellant.

Huff & Bowers, Lubbock, Broadus A. Spivey, Lubbock, of counsel, for appellees.

NORTHCUTT, Justice.

This is a venue case. Plaintiffs below, appellees here, F. E. Cockrell et al., sued the defendant, Lamb County Electric Co-operative, Inc. in Hockley County, Texas. The defendant filed its plea of privilege to be sued in Lamb County, Texas, its principal place of business, residence and domicile. Plaintiffs filed their controverting affidavit, contending venue should be retained in Hockley County by virtue of Article 1436a of the Vernon's Ann.Revised Civil Statutes of the State of Texas and would thereby come under Sections 9 and 9a of Article 1995 as showing negligence was committed in Hockley County.

The acts of negligence pleaded by the plaintiff were as follows:

"Plaintiffs would show that the Defendant was guilty of acts and omissions constituting negligence as follows:

"1. In constructing and maintaining electrical power transmission lines which crossed a public road and highway at a height of less than twenty-two feet in direct violation of Article 1436a of the Revised Civil Statutes of the State of Texas which reads as follows:

'Except as modified or changed by ordinance or regulation in incorporated cities and towns, all lines for the transmission and distribution of electric energy, whether along highways or elsewhere, shall be constructed, operated and maintained, as to clearances, in accordance with the National Electrical Safety Code, as published in March, 1948, by the National Bureau of Standards, Handbook 30, provided that lines along highways and county roads shall be single pole construction, and provided that at any place where a transmission line crosses a highway or road it shall be at least twenty-two feet above the surface of the traffic lane.'

"2. In failing to construct, operate and maintain their lines for the transmission and distribution of electric energy across a public highway and road in Hockley County, Texas in a manner that was in accordance with the national Electric Safety Code, as published in March, 1948 by the National Bureau of Standards, Handbook 30.

"3. In failing to properly inspect and maintain such electrical power transmission lines, and to keep them at a safe height above traffic lane of such road and highway upon which this Plaintiff was traveling.

"Plaintiffs would show that one, more than one, or all of the foregoing acts and omissions constituted negligence and that such negligent acts, operating separately and concurrently, were each a proximate cause of the collision and the severe injuries sustained by Plaintiff, Forrest Ervin Cockrell."

The trial court overruled defendant's plea of privilege and held venue was sustained in Hockley County. From that order the defendant perfected this appeal. The parties will hereafter be referred to as they were in the trial court.

Although defendant presents this appeal upon seven points of error, we believe that all that is necessary here is to determine the issue as to whether the plaintiffs sustained their burden as required to hold venue in Hockley County under Article 1995.

■ Exceptions to the venue statute must be strictly construed and clearly established before a party can be deprived of his right to be sued in the county of his domicile. Watkins v. McCluskey, 284 S.W.2d 381 (Tex.Civ.App.-Eastland, 1955, no writ); Brown v. Clary, 315 S.W.2d 385 (Tex.Civ. App.-Austin, 1958, no writ); Old Lincoln County Mut. Fire Ins. Co. v. Hall, 214 S.W. 2d 203 (Tex.Civ.App.-Dallas, 1948, no writ); McClanahan v. Cook, 401 S.W.2d 352 (Tex.Civ.App.-Amarillo, 1966, no writ). It is stated in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (Tex.Comm'n App., 1935, opinion adopted) as follows:

"It is well settled that 'with the venue challenged, under proper plea, by one sued without his county, * * * the burden not only to allege but to prove that the case is within one of the exceptions to the statute rests on the plaintiff.' Coalson v. Holmes, 111 Tex. 502, 510, 240

S.W. 896, 898; Hilliard Bros. v. Wilson, 76 Tex. 180, 13 S.W. 25; World Company v. Dow, 116 Tex. 146, 287 S.W. 241; Benson v. Jones, 117 Tex. 68, 296 S.W. 865; Greenville Gas & Fuel Co. v. Commercial Finance Co., 117 Tex. 124, 298 S.W. 550; Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.2d 495; Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845; Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.2d 824."

The sole issue which we will consider in this appeal is whether the plaintiffs offered any evidence to show the defendant was guilty of negligence in any of the matters pleaded by the plaintiffs. There is no evidence that the defendant failed to inspect its lines but on the contrary the evidence is that it did make periodic checks. The plaintiff did not introduce the National Bureau of Standards, Handbook 30, but there was evidence by a professional engineer that he was familiar with the provisions of the National Electrical Safety Code and that it provided the ground wire or neutral wire to be fifteen feet high, plus an adder for span length making the height here to be sixteen feet. The ground or neutral wire that plaintiff was seeking to go under did not carry any current of electricity.

■ Article 1436a provides that any place where a transmission line crosses a highway or road it shall be at least twenty-two feet above the surface of the traffic lane. Article 1435 provides electric current and power corporations shall have power to generate, make, manufacture, transport and sell electric current. Then Article 1436 provides such corporations shall have the right to erect its lines over and across any public road and then provides such lines shall be maintained at a height above the ground of at least twenty-two feet. We believe, and so hold, line or lines there used has reference only to lines carrying electric current. There is no evidence in this record, only by implication, that the transmission lines were less than twenty-two feet above the surface

of the traffic lane and the only implication is that the plaintiff was injured. Negligence is never presumed and the mere happening of an accident is no evidence of negligence. Wells v. Texas Pac. Coal & Oil Co., 140 Tex. 2, 164 S.W.2d 660 (1942) and cases there cited; Bart DeLatt & Associates, Inc. v. Knight, 369 S.W.2d 65 (Tex.Civ.App.-Waco, 1963, no writ).

■ We do not believe that the case of Texas Power & Light Company v. Jacobs, 323 S.W.2d 483 (Tex.Civ.App.-Waco, 1959, Ref. N.R.E.) is in point here. We are aware of the rule that if there was evidence of probative value to sustain the findings of the court that this court would be bound by such findings. But here we have held there was no evidence of probative force to sustain such findings of the court. There are no findings of fact and we do not know what the court found other than that the plea of privilege should be overruled. In the Jacobs case, supra, the wire that was less than twenty-two feet above the road transmitted electric current, and, therefore, the company violated statutes and was guilty of negligence as a matter of law. There is no evidence in this record that the line the plaintiff sought to raise carried any electric current, but all of the evidence is that it did not. The plaintiff was upon the substructure that was seventeen feet and two inches high and he was five feet, eleven inches tall which would be twenty-three feet, one inch, if he was standing. Plaintiff didn't remember anything about getting on the substructure or anything until he woke up in the hospital. He testified it burned his ear, neck, back and nearly all of his back and burned the bottom of his feet off. There is no evidence to show just how plaintiff came in contact with the electric current. Under this record it is just as possible that when plaintiff got up on the seventeen foot, two inch substructure that he stood up and his ear touched the transmission line as it is that something else happened.

There is no evidence to show that the plaintiff would be injured by coming in contact with the wire that he went up on the substructure to raise. It would have been a simple matter to measure and determine the height of the transmission lines. The record here does not show that was ever done. The only remaining issue here to be determined on the plea of privilege as to the negligence of the defendant happening in Hockley County is whether the transmission lines were maintained less than twenty-two feet above the roadway. There is no evidence in this record that the transmission lines were not maintained at the required height of twenty-two feet above the roadway.

■ The burden was upon the plaintiff to establish by a preponderance of the evidence that the act or omission of negligence occurred in Hockley County. The item the plaintiff was to prove here was that defendant maintained the transmission lines less than twenty-two feet above the surface of the traffic lane; that such act or omission was that of the defendant in person or that of its servant, agent or representative acting within the scope of his employment and that such negligence was a proximate cause of plaintiffs' injury. (See citations above cited). The plaintiffs having failed to comply with that burden, judgment of the trial court is reversed and rendered and the case ordered transferred to the District Court of Lamb County, Texas.

### DISSENTING OPINION

DENTON, Chief Justice.

I respectfully dissent.

Plaintiff was seriously injured when he came in contact with defendants' transmission lines which crossed a public road in Hockley County, Texas. As an employee of Britt Trucking Company, the plaintiff was assisting in moving by truck certain oil well equipment along the road. He was atop the equipment which measured some 17 feet 2 inches above the ground. His job was to lift the electrical lines with a wooden stick to permit the loaded truck to pass under-

neath. While in the process of doing this, he came in contact with one or more of the wires and was severely burned.

As stated in the majority opinion, the primary question is whether the plaintiff below sustained its burden to prove the defendant was guilty of negligence which proximately caused his injuries. The trial court, by its order overruling the plea of privilege, has impliedly found this burden was met. No findings of fact or conclusions of law were requested or filed. In passing upon this law question, we are required to follow the rule: "If discarding all adverse evidence and giving credit to all evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier of the facts may have found in his favor, then it is to be concluded there is evidence to support the finding". Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97. Johnson Testers, Inc. v. Kirby (Tex.Civ.App.) 359 S.W.2d 553 (Dismissed).

Plaintiff pleaded both statutory negligence, that is, in failing to maintain the electrical wiring more than 22 feet above the ground as required by Articles 1436 and 1436a, V.A.T.S.; and common law negligence of failing to maintain such lines at a safe height above the traffic lane of the road. The defendants' lines extending across the road contained three wires: two transmission lines or "hot wires", and a neutral or ground wire. The ground wire was broken when the plaintiff was injured. It had been previously broken that same day under similar circumstances. Each time the defendants' employees repaired the broken lines. When the repairs were made the second time, Duke, a lineman for the defendant, measured the height of the lines with a "shotgun stick". He measured the transmission lines to be 22 feet 4 inches above the road. Prior to this measurement, he shortened the ground wire one foot and moved it up to the same height as the two transmission wires. Ellis, another lineman for the defendant, estimated the ground wire was left "say 18 or 19 foot" high after the first repair and prior to the time plaintiff was injured. Duke testified the ground wire was some 4 feet below the two transmission lines before the repairs were made.

It is the defendants' contention that the transmission lines were more than 22 feet above the ground and therefore, were not in violation of Articles 1436 and 1436a; and that the neutral or lower wire, not being a transmission line, does not come within the provisions of these statutes. This same contention was rejected in Texas Power & Light Company v. Jacobs (Tex.Civ.App.) 323 S.W.2d 483 (Ref.N.R.E.). There, substantially the same facts existed and the same contentions were made. The court held: "We think it is obvious that if the lower line was dangerous in that it carried electricity or the returning current completing the circuit, it would certainly be subject to the terms of the statute and should have been raised a distance of not less than 22 feet over the roadway, and that such failure was negligence as a matter of law." There the court treated the neutral or ground wire as a "transmission line for all practical purposes". In the instant case the lower line was also variously described as a "ground wire" or a "neutral wire". At various times this wire unquestionably carried electricity. Ellis testified that if the two transmission lines carried "any unbalanced load", the ground wire "will carry the rest of it off". Although the *Jordan* case was a trial on the merits and fuller testimony was presented relative to the characteristics and purposes of the ground wire, the testimony here is sufficient to show the ground wire would, on occasions, carry electricity and was designed for that purpose, and as such, it must be considered dangerous. I think the evidence is sufficient to bring this case within the rule announced in the *Jacobs* case.

It is also my opinion that when the evidence, both direct and circumstantial, is reviewed in the light most favorable to the appellee, there was evidence to support the action of the trial court in holding, for venue purposes, that the defendant was negligent

in failing to maintain the electrical wires at a safe height above the road and that such negligence was a proximate cause of appellee's injuries.

I would affirm the judgment of the trial court.