**LUFKIN NURSING HOME, INC., Appellant,**

v.

**COLONIAL INVESTMENT CORPORATION,**
Appellee.

No. 7783.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 19, 1968.

Rehearing Denied March 25, 1968.

B. L. Collins, Lufkin, for appellant.

J. R. Blumrosen, Lubbock, for appellee.

NORTHCUTT, Justice.

Colonial Investment Corporation as plaintiff, hereinafter referred to as appellee, brought this suit in the District Court of Lubbock County, Texas, against the Estate of Jack L. Goodman, deceased; Lufkin Nursing Home, Inc. and National Western Life Insurance Company, as defendants, seeking to recover of the Goodman estate rentals alleged to be due and owing to it by the Goodman estate, as well as the value of certain items of furniture and equipment under the terms of a purported lease contract between it and Goodman. Appellee in this same suit seeks to recover of and from Lufkin Nursing Home, hereafter referred to as appellant, the same relief sought against the Goodman estate. It is the contention of appellee that it leased by written agreement certain furniture and fixtures located in Lufkin Nursing Home to Goodman and Goodman was to pay a certain amount monthly during the term of the lease. The lease contract as pleaded by appellee provided that all rental payments were payable in Lubbock County, Texas. In other words, appellee seeks to recover of appellant the amount of the unpaid sum due under the lease agreement with Goodman, alleging that appellant assumed all the obligations of Goodman under the terms and provisions of said lease contract between Goodman and appellee because its officers, agents or employees knew or by use of reasonable diligence should have known of the lease agreement. Appellee further pleaded in the alternative that appellant was either obligated to pay said lease contract or return said equipment under the terms and conditions of said written lease contract.

Appellant duly, and in proper form, filed its plea of privilege seeking to have the case transferred to the city of Lufkin, Angelina County, Texas, the place of business, residence and domicile of appellant. Appellant also pleaded in its plea of privilege that it never at any time assumed the obligation of Goodman as pleaded by appellee, but that appellant had reason to believe and did believe that such lease contract sued on by appellee was not at any time executed by Goodman.

Appellee filed its controverting plea contending the plea of privilege should be overruled since the cause of action comes within execption of the general venue statute being Sub-section 4 of Art. 1995, Vernon's Ann.Rev.Civ.St.; since the defendant, Goodman estate, is a resident of Lubbock County; that Goodman had possession of the personal property strictly under the terms of the lease; that Goodman by some manner turned possession to Lufkin Nursing Home, and that they both have failed and refused to pay the balance due under the lease contract or to return possession of the furniture; that appellee's cause of action is a suit to recover damages and in alternative is for conversion of the various pieces of personal property by the defendant. The trial court overruled the plea of privilege and from that order Lufkin Nursing Home, Inc. perfected this appeal.

■ The general rule of venue is that a defendant must be sued in the county of his domicile. In order to defeat defendant's plea of privilege to be sued in the domiciliary county, the burden is on the plaintiff to allege and prove by preponderance of the evidence that the case comes within one of the exceptions of Art. 1995, V.T.C.S. Exception 4 is here involved. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (Tex.Com.App., 1935, holding approved); Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.2d 824 (Tex.Com.App., 1931, holding approved); Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845 (Tex.Com.App., 1931, holding approved); Victoris Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (Tex.Com.App., 1941, holding approved); Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S.W.2d 694 (Tex.Civ.App., Tyler, 1965, n. w. h.); Hitchcock v. Pearce, 348 S.W.2d 408 (Tex.Civ.App., Waco, 1961, n. w. h.); Summers v. Skillern & Sons, Inc., 381

S.W.2d 352, 356 (Tex.Civ.App., Waco, 1964, writ dism.).

It is stated in Lamb County Electric Cooperative v. Cockrell et al., 414 S.W.2d 228 (n. r. e.) as follows:

"Exceptions to the venue statute must be strictly construed and clearly established before a party can be deprived of his right to be sued in the county of his domicile. Watkins v. McCluskey, 284 S.W.2d 381 (Tex.Civ.App.–Eastland, 1955, no writ); Brown v. Clary, 315 S.W.2d 385 (Tex.Civ.App.–Austin, 1958, no writ); Old Lincoln County Mut. Fire Ins. Co. v. Hall, 214 S.W.2d 203 (Tex. Civ.App.–Dallas, 1948, no writ); McClanahan v. Cook, 401 S.W.2d 352 (Tex. Civ.App.–Amarillo, 1966, no writ). It is stated in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (Tex.Comm'n App., 1935, opinion adopted) as follows:

" 'It is well settled that "with the venue challenged, under proper plea, by one sued without his county, * * * the burden not only to allege but to prove that the case is within one of the exceptions to the statute rests on the plaintiff." Coalson v. Holmes, 111 Tex. 502, 510, 240 S.W. 896, 898; Hilliard Bros. v. Wilson, 76 Tex. 180, 13 S.W. 25; World Company v. Dow, 116 Tex. 146, 287 S.W. 241; Benson v. Jones, 117 Tex. 68, 296 S.W. 865; Greenville Gas & Fuel Co. v. Commercial Finance Co., 117 Tex. 124, 298 S.W. 550: Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.2d 495; Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845; Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.2d 824.' "

The property here involved was located in Angelina County. The lease contract was never filed in Angelina County, and there is no proof that appellant had any notice or knowledge of the lease here involved, and neither is there any evidence that the appellant in any manner assumed the obligation to pay the rental payments provided for in the lease agreement. Although appellant in his plea of privilege questioned the fact that Goodman never signed the lease contract the appellee only attached a copy of the lease agreement to its petition but did not make any affirmative proof as it was obligated to do that Goodman executed the lease contract. It is stated in Lanford et al. v. Lovett et al., Tex.Civ.App., 97 S.W.2d 982 (n. w. h.) as follows:

"The rule has been established in this state that in order to sustain venue in a suit upon a promissory note in the county of the forum, upon the ground that the defendant had bound himself in writing to pay the obligation in that county, the burden is upon the plaintiff to not only put in evidence the note sued on, but he must go further and make affirmative proof of the due execution of the obligation. In the absence of such proof, the defendant is entitled to claim his privilege. Berry v. Pierce Petroleum Co., 120 Tex. 452, 39 S.W.2d 824; City of Dilley v. Blank, Tex.Civ.App., 95 S.W.2d 732. In this case appellees, upon whom that burden rested, failed to prove execution of the note sued on and put in evidence, and therefore the court erred in overruling appellants' plea of privilege."

There is nothing in this record to anyway bring or connect appellant with this suit unless it should be considered that appellant was guilty of conversion of the property involved. If appellant should be considered guilty of converting the property to its own use, it was in Angelina County and not in Lubbock County. It is stated in Hooper et al. v. Halsell, Tex.Civ.App., 143 S.W.2d 228 (n. w. h.) as follows:

"We think the rule is settled in this jurisdiction that the controverting affidavit must be tested by its own language, unaided by the petition, where it fails to make the petition a part of the affidavit. Henderson Grain Company et al. v. Russ et al., 122 Tex. 620, 64 S.W.

2d 347. We also think it is equally well settled, when the defendant asserts his privilege, that to maintain venue under the 'crime, offense or trespass' exception of the statute it is necessary for the plaintiff to both plead and prove that the crime, offense or trespass 'was committed and that it was committed in the county where the suit is pending'. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93. The failure of the appellee to allege in his controverting affidavit that the conversion occurred in Lamb County is therefore fatal to his right to retain the venue of this suit in such county."

Judgment of the trial court is reversed and judgment here rendered that the plea of privilege of Lufkin Nursing Home, Inc. be sustained and the case as to Lufkin Nursing Home be transferred to a district court in Angelina County, Texas.