**W. C. SHELLBERG, Appellant,**

v.

**John A. SHELLBERG, Jr., et al., Appellee.**

No. 18479.

Court of Civil Appeals of Texas, Fort Worth.

March 19, 1981.

Rehearing Denied April 30, 1981.

Hooper & Chappell, Fort Worth, A. Curtis Neal, Amarillo, for appellant.

John M. Anderson, Fort Worth, for appellees John A. Shellberg, Jr. and Robert C. Shellberg.

Garrett & Settle and P. O. Settle, Jr., Fort Worth, for appellee The Blue Mound Corp.

OPINION

SPURLOCK, Justice.

This is an appeal from a judgment overruling a plea of privilege. John A. Shell-

berg and Robert C. Shellberg filed a statutory suit to partition 627 acres of land located in Moore County, Texas. The land is held by the parties as joint tenants. Suit was filed in Tarrant County, Texas, the residence of two of the four defendants. Defendant W. C. Shellberg, a resident of Randall County, filed a plea of privilege seeking a change of venue to Moore County, the situs of the land.

W. C. claims that as he contests the percentage of ownership among the joint tenants, this suit involves disputed issues of title. He asserts that Tex.Rev.Civ.Stat. Ann. art. 1995, subd. 14 (1964) provides that the exclusive and mandatory venue for such suits is the county where the land is located; and that this section governs this suit. The court overruled the plea of privilege.

W. C. Shellberg appeals, raising five points of error. We overrule each point and affirm the judgment.

W. C. contends the court erred in its construction and application of "permissive" subd. 13 of Article 1995 to the case at bar and erred in its failure to apply "mandatory" subd. 14.

Subd. 14 of Article 1995 provides that when there is a suit for the recovery of land or damages thereto, or to remove encumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands the suit must be brought in the county in which the land, or a part thereof, may lie. As this exception uses the word "must" it is a mandatory one.

In their original petition the plaintiffs alleged their right to partition; that as the 627 acres here are not subject to partition in kind it is necessary to order a judicial sale and partition of the proceeds. W. C. states that such a judicial sale would "completely eliminate, terminate, and destroy, all of (his) possessory rights and title" to the property, that this result would work an "injury to possession" as intended under subd. 14.

We cannot agree. Subd. 14 is concerned with actions to recover land. "[A]n action to recover land has a well-known and definite meaning, and means an action in ejectment, trespass to try title, or suit to recover

the land itself." *Pena v. Sling*, 135 Tex. 200, 140 S.W.2d 441, 445 (1940).

We agree that where land is involved, a mere allegation in the petition that the suit is one for partition is insufficient to sustain venue under subd. 13, particularly where it is made to appear in a plea of privilege that a question of title is present. In such circumstances the plaintiff must affirmatively demonstrate that no title dispute is involved. *Pena v. Sling, supra.*

We find here that the plaintiffs have amply sustained their burden.

At the commencement of the hearing the parties stipulated that the plaintiffs' suit is for statutory partition, that this suit "is not a dispute involving title to land in the sense that any party disputes that any other party owns an undivided interest in the land." W. C. also testified that he owned a 16% interest in the property, as plaintiffs plead, and that this interest was all he was claiming. The title of the other parties as pleaded was confirmed by the testimony of Mrs. Hazelwood, also a defendant, and by ample documentary evidence.

The pleadings and proof here meet the requirements of subd. 13 of Article 1995 and negates the contention that this action is a suit for the recovery of title, lands, or damages thereto.

Judgment affirmed.