**H. E. BUTT GROCERY COMPANY, Appellant,**

v.

**Glenn W. JUSTICE et al., Appellees.**

**No. 5068.**

Court of Civil Appeals of Texas, Waco.

Nov. 4, 1971.

Rehearing Denied Nov. 24, 1971.

Bryan, Wilson, Olson & Stem, Waco, Lewis T. Tarver, Jr., San Antonio, for appellant.

Samuel J. Ferro, Jr., Spafford, Gay & Whithan, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant HEB from judgment overruling its plea of privilege to be sued in Nueces County, the county of its residence. Justice et al, plaintiffs, sued defendant HEB for a declaratory judgment to construe and determine a use restriction on plaintiffs' property that same does not preclude the property's use as a parking lot for a grocery supermarket. HEB filed its plea of privilege to be sued in Nueces County, its domicile. Plaintiffs Justice controverted asserting venue in McLennan County by virtue of Sections 5, 23, and 14, Article 1995 Vernon's Ann. Civ.St.

After hearing the trial court overruled defendant's plea of privilege.

Defendant HEB appeals contending the trial court erred in overruling its plea of privilege because plaintiffs failed to prove there was an applicable exception to HEB's right under Article 1995 VATS to be sued out of the county of its domicile.

Coleridge formerly owned land now owned by plaintiffs and defendant. In 1968 Coleridge sold defendant the land on which it now operates a super grocery, and at the same time placed the following use restriction for the benefit of HEB on adjacent land retained by Coleridge: " * * * against the use of any portion thereof for the purpose of conducting thereon a food-store or food department for the storage or sale for off premises consumption of groceries, meats, produce * * * ".

In 1970 Coleridge sold the retained land to plaintiffs, a portion of which contains the use restriction against a grocery supermarket. Plaintiffs desire to develop their land (or sell to a developer), who will erect a grocery super market on land not included in the restriction, but will utilize land retained in such restriction as a parking lot for the grocery supermarket as well as other businesses to be located therein.

A schematic diagram follows:

RESTRICTED AREA
OUTLINED IN BLACK

Plaintiffs' suit against defendant seeks declaratory judgment determining: 1) That the proposed use of the restricted area for a parking lot for a grocery supermarket (along with other businesses) does not violate the restriction; 2) That the restriction violates anti-trust laws by attempting to lessen competition with HEB, and is void. 3) The restriction should no longer be enforced because of changed conditions. (A judgment sustaining any of the above will permit plaintiff to develop its land as contemplated.)

We affirm holding venue in McLennan County under Section 14, Article 1995 VATS.

Section 14 provides: "Suits for the recovery of lands or damages thereto, or to remove encumbrances upon the title to land, or to quiet the title to land * * * must be brought in the county in which the land * * * may lie".

Plaintiffs' petition alleges its land located in McLennan County is encumbered by a use restriction, which it seeks to have determined void or inapplicable to plaintiffs' planned use of such property. An encumbrance is any burden resting on the property which tends to lessen its value or interfere with its free enjoyment. City of Dayton v. Allred, 123 Tex. 60, 68 S. 2d 172. Suits to remove encumbrances upon title to land fall within Section 14, Article 1995 VATS, and must be brought in the County in which the land is located. Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441.

Section 14 retains venue in McLennan County.

Defendant's point is overruled.

Affirmed.