Price JORDAN, d/b/a J.J.'s Auto Sales et al., Appellants,

v.

Carter HOOD and Reba Hood, Appellees.

No. 17722.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 11, 1980.

Ragan & Russell, John L. Russell and Linda Harvey, Houston, for appellants.

A. J. Watkins, Houston, for appellees.

Before PEDEN, EVANS and WARREN, JJ.

PEDEN, Justice.

This is an appeal from an order sustaining a plea of privilege. William B. Bates and Judy Maxwell sought an injunction in Fort Bend County against Price Jordan, d/b/a J.J.'S Auto Sales, to enforce certain deed restrictions in the Braeburn Gardens subdivision of Fort Bend and Harris Counties. After filing a general denial defendant Jordan, together with Phil R. Kensinger and William N. Carl, Jr. (intervenors), filed a counterclaim, a third-party cross-action, and an intervention, complaining of Bates, Maxwell, Carter Hood and Reba Hood, and seven other named persons, individually and as representatives of a class of land owners; Jordan and the intervenors sought to have the deed restrictions declared void and unenforceable and to have been waived, abandoned, and cancelled. The Hoods, as third-party cross-defendants, filed a plea of privilege seeking transfer of the cause to their place of residence, Harris County. In their controverting plea, Jordan and the intervenors asserted that venue was properly laid in Fort Bend County under subdivisions 4 and 14 of Article 1995, Tex.Civ.Stat.

Following a hearing, the court sustained the plea of privilege of Carter and Reba Hood and as to them ordered the cause transferred to Harris County. Jordan and the intervenors appeal.

The appellants assert in their second point of error:

The trial court erred in changing venue as to third-party Defendants Carter and Reba Hood from Fort Bend County to Harris County under Article 1995, subdivision 14, which provides:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or part thereof, may lie."

because Plaintiff has the option of bringing suit in either county in which a part of the land may lie.

Appellees argue that the exception does not apply because a suit to remove restrictions is not within the purview of subdivision 14 of Article 1995. In order to defeat appellees' plea of privilege by asserting exception 14, the venue facts which the appellants must prove are 1) that the suit is one to remove an incumbrance upon the title to land and 2) that part of the land in the subdivision lies in Fort Bend County (a fact that is not in dispute).

We sustain this point. The restrictions in effect in the subdivision include provisions 1) limiting the use of all tracts (except certain specified ones) to residential purposes only, 2) requiring that residences be located at certain distances from building lines, and 3) limiting their minimum size.

In *City of Beaumont v. Moore*, 146 Tex. 46, 55, 202 S.W.2d 448, 454 (1947), the Texas Supreme Court, citing one of its earlier holdings, reiterated:

It has been held that the term "incumbrance" is more comprehensive than the term "lien". It includes liens and any other burden resting on the property itself, or on its title, which tends to lessen

its value or interfere with its free enjoyment.

Applying that definition, the Waco Court of Civil Appeals held in *H. E. Butt Grocery Company v. Justice*, 473 S.W.2d 77 (1971, no writ), that restrictions on the use of land are incumbrances on its title and that suits to remove those restrictions fall within subdivision 14 of Article 1995.

In *Levine v. Turner*, 264 S.W.2d 478 (Tex. Civ.App.1954, writ dism.) it was stated that as a general rule restrictions as to the use to which premises may be put constitute encumbrances under a contract by which the vendor obligates himself to make a good or marketable title free and clear of encumbrances, citing Annotation 57 A.L.R. 1414.

"A valid restriction upon the use of real estate is an encumbrance and may constitute a breach of the covenant against encumbrances." 20 Am.Jur.2d 655, Covenants, Conditions, and Restrictions § 90, citing cases. See also 42 C.J.S. pp. 549–552, Incumbrance or Encumbrance, and the cases collected in 20A Words and Phrases, "Incumber; Incumbrance" 414–416 (1959).

Our sustaining of this point makes it unnecessary for us to discuss in depth the appellants' other one. We will only state that we concluded that the evidence raised a fact issue as to whether a majority of the owners of lots on January 1, 1975, agreed to waive the restrictions, and we must presume, in support of the trial judge's order, that he resolved that issue in favor of the appellees.

Reversed and rendered.